IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10–cv–01019–CMA–KMT

HUBBERT ROY,

    Plaintiff,

v.

UNITED STATES,

    Defendant.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Magistrate Judge Kathleen M. Tafoya**

This case involves claims, pursuant to the Federal Tort Claims Act (FTCA), that Defendant damaged Plaintiff's property during a flight from Denver to California. This matter is before the court on "Defendant's Motion to Dismiss Second Amended Complaint" (Doc. No. 22 [Mot.], filed September 24, 2010).

### STATEMENT OF THE CASE

In his Second Amended Complaint, Plaintiff alleges the defendant "lost item and tore my Oakland Raider bag and also damage[d] my personal property by [sic] spill out (fragrance oil) all in my bag!" (Doc. No. 12 at 2.) Plaintiff seeks replacement of "lost item such as: (1) 14kt gold diamond earring" and "a check [ ] in the amount of $5000.00 or whatever the court seem [sic] proper and fair!" (*Id.* at 3–4.)

## PROCEDURAL HISTORY

On May 5, 2010, Plaintiff filed his original Complaint, naming the Transportation Security Administration (TSA) as the defendant. (Doc. 3.) On May 10, 2010, Plaintiff filed his First Amended Complaint. (Doc. 5.) On May 13, 2010, Magistrate Judge Boyd N. Boland entered an Order in which he explained that in an FTCA action the United States is the only proper defendant. (Doc. No. 7 at 2.) Magistrate Judge Boland directed the plaintiff to file a Second Amended Complaint naming only the United States as a party. (*Id.*) Magistrate Judge Boland also ordered the Clerk of Court to mail to Plaintiff two copies of a Court-approved Complaint form. (*Id.*) On June 18, 2010, Magistrate Judge Boland entered a Minute Order allowing Plaintiff thirty days to file a Second Amended Complaint. (Doc. No. 9.) On June 24, 2010, Plaintiff filed his Second Amended Complaint, again naming the TSA as the defendant. (Doc. 12.) On July 28, 2010, Magistrate Judge Boland ordered that the case be drawn to a district judge and to a magistrate judge and that the United States be substituted as the defendant. (Doc. No. 13.)

Defendant moves to dismiss on the ground that (1) Plaintiff's Second Amended Complaint does not meet the pleading requirements of Fed. R. Civ. P. 8(a); (2) Plaintiff has failed to state a cognizable claim pursuant to Fed. R. Civ. P. 6; and (3) the TSA is not a proper party under the FTCA. (Mot.)

## *PRO SE* STANDARD OF REVIEW

Because Plaintiff appears *pro se*, the court "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted); *see also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (holding allegations of a *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers"). However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Assoc. Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983); *see also Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (refusing to "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (declining to "construct arguments or theories for the plaintiff in the absence of any discussion of those issues").

## ANALYSIS

### 1. *Proper Defendant Under FTCA*

Defendant argues that Plaintiff's suit must be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) because Plaintiff failed to name the United States as a defendant, as he was ordered to do by Magistrate Judge Boland, and because agencies of the United States are not proper parties to an FTCA action. (Mot. at 7.) As explained above, however, after Plaintiff filed his Second

Amended Complaint naming the TSA as the defendant, Magistrate Judge Boland entered an Order that the case be drawn to a district judge and to a magistrate judge and that the United States be substituted as the defendant. (Doc. No. 13.) Defendant's motion in this regard should be denied.

## 2. *Fed. R. Civ. P. 8(a) and 12(b)(6)*

Defendant moves for dismissal of Plaintiff's claims for failure to meet the pleading requirements of Fed. R. Civ. P. 8(a). (Mot. at 2–4.) Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The court need not accept conclusory allegations without supporting factual averments. *S. Disposal, Inc., v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998). "A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall*, 935 F.2d at 1109 (citations omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Moreover, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's

liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (citations omitted).

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotations omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 570). Plausibility, in the context of a motion to dismiss, means that the plaintiff pled facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The *Iqbal* evaluation requires two prongs of analysis. First, the court identifies the allegations in the complaint that are not entitled to the assumption of truth, that is, those allegations which are legal conclusion, bare assertions, or merely conclusory. *Id*. at 1949-51. Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id*. at 1951. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id*. at 1950.

Plaintiff's Second Amended Complaint provides nothing in the way of specific facts that might make out a plausible basis for liability by the United States, and the Second Amended Complaint relies entirely on conclusory allegations. To the extent Plaintiff is attempting to

assert a negligence claim for his lost property, Plaintiff has provided no facts to support the material elements of a negligence action. To assert a claim of negligence pursuant to Colorado law, Plaintiff must prove four elements: (1) there is a duty owed, (2) there is a breach of that duty, (3) there is an injury to the plaintiff, and (4) there is a proximate cause relationship between the breach and the injury. *Bullock v. Wayne*, 623 F. Supp. 2d. 1247, 1252 (D. Colo. 2009). Here, Plaintiff's Second Amended Complaint is devoid of allegations to support any of the elements except an alleged injury. As such, Plaintiff's claims are properly denied. *See Hall v. Witteman*, 584 F.3d 859, 863-65 (10th Cir. 2009) (dismissing claim pursuant to Fed. R. Civ. P. 12(b)(6) because Plaintiff's complaint was devoid of direct or inferential allegations respecting material elements necessary to sustain recovery under the viable legal theory).

WHEREFORE, for the foregoing reasons, the court respectfully

**RECOMMENDS** that

1. "Defendant's Motion to Dismiss Second Amended Complaint" (Doc. No. 22) be GRANTED pursuant to Fed. R. Civ. P. 12(b)(6) for Plaintiff's failure to state a claim upon which relief can be granted; and

2. As the deficiencies in Plaintiff's Second Amended Complaint are potentially remediable by amendment, Plaintiff be granted leave to file a third amended complaint.

**ADVISEMENT TO THE PARTIES**

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado.

28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).  A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review.  "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Prop.*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the

magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 2nd day of November, 2010.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge