IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 10-cv-01019-CMA-KMT

HUBBERT ROY,

    Plaintiff,

v.

UNITED STATES,

    Defendant.

---

**ORDER AFFIRMING IN PART AND REJECTING IN PART JANUARY 14, 2011
RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

---

This case was referred to United States Magistrate Judge Kathleen M. Tafoya pursuant to 28 U.S.C. § 636 (Doc. # 16).  Plaintiff alleges that, after a flight to California, he opened his luggage to find that "his clothes [had] perfume oils all over" and his 14kt gold diamond earring was missing."  Plaintiff found a note informing him that a TSA agent had searched his bag.  In this lawsuit against the United States, Plaintiff seeks replacement of his damaged clothes and the earring, or $5,000 if the items are irreplaceable.  (Doc. # 30.)

On January 14, 2011, the Magistrate Judge issued a Report and Recommendation regarding Defendant's Motion to Dismiss Plaintiff's Third Amended Complaint (Doc. # 31).  The Magistrate Judge recommended that Defendant's Motion be granted and the case dismissed with prejudice.  (Doc. # 33.)  Plaintiff, proceeding

*pro se*, filed Objections to the Report and Recommendation on February 1, 2011.  (Doc. # 34).  Defendant has not filed a Response.

The Court must construe the filings of a *pro se* litigant liberally as they are held to a less stringent standard than formal pleadings drafted by lawyers.  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)).  However, the Court should not be the *pro se* litigant's advocate, nor should the Court "supply additional factual allegations to round out [the *pro se* litigant's] complaint or construct a legal theory on [his or her] behalf."  *Whitney v. State of N.M.*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110).  In addition, *pro se* litigants must follow the same procedural rules that govern other litigants.  *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

This Court has conducted a *de novo* review of this matter, including carefully reviewing all relevant pleadings, the Report and Recommendation, and Plaintiff's Objections to the Report and Recommendation.  Although the Court agrees with the Magistrate Judge that the case should be dismissed for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the Court finds that Plaintiff's Third Amended Complaint should be dismissed without prejudice.

"Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend."  *Gee v. Pacheco*, 627 F.3d 1178, 1195

(10th Cir. 2010) (citation omitted).  In recommending dismissal with prejudice, the Magistrate Judge noted that Plaintiff has already had two opportunities to amend his complaint.  Although Plaintiff has failed to adequately amend the complaint when giving prior opportunity, this Court concludes that dismissal with prejudice is too harsh a sanction.

Liberally construed, Plaintiff appears to be asserting a negligence claim against the United States under the Federal Tort Claims Act ("FTCA").  The FTCA provides that the United States may be liable for an employee's negligence "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."  28 U.S.C. § 1346(b)(1).  To assert a claim of negligence pursuant to Colorado law, Plaintiff must prove four elements: (1) there is a duty owed, (2) there is a breach of that duty, (3) there is an injury to the plaintiff, and (4) there is a proximate cause relationship between the breach and the injury.  *Bullock v. Wayne*, 623 F. Supp. 2d. 1247, 1252 (D. Colo. 2009).

In order to state a claim upon which relief may be granted, Plaintiff must include sufficient factual matter to "state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, --- U.S. ---, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*

In this case, Plaintiff's Third Amended Complaint is devoid of any allegations to support any of these elements except an alleged injury. As such, it is appropriate to dismiss the Complaint. If Plaintiff desires to file another complaint, the complaint should include **facts** that show that the United States owed him a duty of care, how it breached that duty, and what damages he suffered as a result of the breach. Such facts should include, for example, the date of the incident, time of the incident, where the incident occurred, and any facts that show why the United States is responsible for the injury.

Accordingly, IT IS ORDERED THAT Defendant's Motion to Dismiss the Third Amended Complaint (Doc. # 31) is GRANTED. This case is DISMISSED WITHOUT PREJUDICE.

DATED: April  12 , 2011

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge